# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**FDIC, AS RECEIVER FOR CF
BANCORP,**

        **Plaintiff,**                      **CASE NO.  13-cv-10589**

                                              **DISTRICT JUDGE BERNARD A. FRIEDMAN**

        **vs.**                              **MAGISTRATE JUDGE MONA K. MAJZOUB**

**MARK AND RUTHANN GRIFFOR,
husband and wife,**

        **Defendants.**

_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER [24]

      Before the Court is Defendants' Motion for Protective Order.  (Docket no. 24.)  Plaintiff filed a Response (docket no. 27) and Defendants filed a Reply (docket no. 28).  This matter was referred to the undersigned for determination.  (Docket no. 25).  The Court dispenses with oral argument pursuant to E.D. Mich. L.R. 7.1(f).  This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

      This matter arises out of Defendants' alleged default on a mortgage securing a note on real property located in Macomb County, Michigan.  (*See* docket no. 1; *see also* docket no. 27 at 1.) Defendants lived in Oregon at the time they executed the mortgage, and they currently live in Texas. (*See* docket no. 24 at 1.)  On May 13, 2014, Plaintiff re-noticed the deposition of Defendant Mark Griffor for May 28, 2014, at Plaintiff's attorney's office in Bloomfield Hills, Michigan.  (*See* docket no. 27 at 2.)  Defendants' Motion for Protective Order requests that the Court require Plaintiff to (1) take Mr. Griffor's deposition by phone; (2) take Mr. Griffor's deposition in Texas; or (3) pay for the costs associated with taking Mr. Griffor's deposition in Michigan.  (Docket no. 24 at 2.)

"'[T]he examining party may set the place for deposition of another party wherever he or she wishes, subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different place.'" *El Camino Resources Ltd. V. Huntington Nat. Bank*, No. 07-598, 2008 WL 2557596, at *2 (W.D. Mich. June 20, 2008) (quoting 8A Charles Alan Wright, Arthur R. Miller, Richard L. Markus, Federal Practice & Procedure § 2112 at 73 (2d ed.1994)) (citing *Turner v. Prudential Ins. Co. of America*, 119 F.R.D. 381, 382 (M.D.N.C.1988) ("A party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the Court pursuant to Rule 26(c)(2), Fed.R.Civ.P., designating a different place.")).   But when a party makes a Motion under Rule 26(c)(2), "[i]t is within the discretion of the court to designate the location for a taking [the] deposition[], and each application must be considered on its own facts and equities." *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987) (*citing Terry v. Modern Woodman of America*, 57 F.R.D. 141 (W.D.Mo.1972)).

Rule 26(c) allows the Court to issue protective orders for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had or that the disclosure or discovery be limited to certain matters.   Fed.R.Civ.P. 26(c).   The party seeking a protective order has the burden of showing that good cause exists for the order.   *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir.2001).   To show good cause, the movant must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on conclusory statements. *Id.*   And as Plaintiff notes, "[s]uch a determination must also include a consideration of the relative hardship to the non-moving party should the order be granted."   (Docket no. 27 at 3 (citing *United States v. Kordel*, 397 U.S. 1, 4-5 (1970)).)

Plaintiff argues that Defendants have failed to show good cause for such an order, but as a general rule, a defendant is deposed in the district where [the defendant] resides. *Lomax v. Sears, Roebuck & Co.*, No. 99-6589, 2000 WL 1888715, at *3 (6th Cir. Dec. 19, 2000). That is, "in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located." *Farquhar*, 57 116 F.R.D. at 72 (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 671 (5th Cir.1979), *Dunn v. Standard Fire Insurance Co.*, 92 F.R.D. 31 (E.D.Tenn.1981), *General Leasing Co. v. Lawrence Photo-Graphic Supply*, 84 F.R.D. 130 (W.D.Mo.1979)).

> Underlying this rule appears to be the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum. The defendants, on the other hand, are not before the court by choice. Thus, courts have held that plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum.

*Id.* (citing *Work v. Bier*, 107 F.R.D. 789, 792 (D.C.1985)).

Here, Defendants assert that Mr. Griffor is financially unable to travel to Michigan for his deposition and that requiring him to do so would be an undue expense. In support of this assertion, Defendants provide a financial statement, which indicates that Mr. Griffor is a self-employed contractor working only part time and that Ms. Griffor works 36 hours per week in a retail position. (*See* docket no. 30.) Additionally, Defendants contend that Ms. Griffor has recently started testing for a yet-to-be-determined medical ailment, which prevents her from earning a more substantial income. (*See* docket no. 24 at 5, 7.)

In response, Plaintiff argues that Defendants' assertions of poverty and medical ailments are vague statements, which are insufficient to support their Motion. (Docket no. 27 at 3.) Moreover, Plaintiff argues, the FDIC would be adversely affected if the Court orders that Mr. Griffor's deposition must be held in Texas because (1) the real property and collateral are in Michigan, (2)

3

the note was executed in Michigan and the bank records are in Michigan, (3) Defendants' primary witness is in Michigan, and (4) Defendants' counsel is in Michigan. (*Id.* at 4.) Thus, Plaintiff contends, "depriving Plaintiff of the right to conduct the litigation in the jurisdiction where the entire transaction took place is an affront to the judicial process and a needless expense for Plaintiff." (*Id.*)

Plaintiff's arguments are not well-taken. Notably, Plaintiff does not challenge Defendants' assertion that they cannot afford the cost of travel to Michigan for Mr. Griffor's deposition; instead, Plaintiff challenges the sufficiency of Defendants' briefing. More importantly, though, the Court is unable to determine how the location of the property, the location where the note was executed, the location of the bank records, or the location of another witness would have any impact on Mr. Griffor's deposition. Presumably, Plaintiff does not intend to take Mr. Griffor to the subject property or the location of the bank's records during his deposition or have the other witness attend his deposition. And contrary to Plaintiff's contention, denying Plaintiff the opportunity to depose a single witness in Michigan does not "deprive [it] of the right to conduct litigation in [this] jurisdiction." Plaintiff, with knowledge that Plaintiff's representative and Defendants all resided in Texas, chose to file this matter in Michigan. The Court finds no reason that Mr. Griffor should be required to bear the burden of traveling to Michigan for his deposition.

Defendants have, however, offered to allow Plaintiff to take Mr. Griffor's deposition by telephone under Fed. R. Civ. P. 30(b)(4) or in Michigan by paying for Mr. Griffor's travel expenses. (Docket no. 24.) A deposition may be taken by telephone or other remote means by order of the court or upon stipulation of the parties. Fed.R.Civ.P. 30(b)(4). Because the Court will grant Defendants' Motion, an order to take Mr. Griffor's deposition by telephone is unnecessary. Instead, the Court will permit Plaintiff to determine if it prefers to depose Mr. Griffor in Texas in person, in

Texas by telephone, or in Michigan while paying for his reasonably related expenses. If Plaintiff

desires to take Mr. Griffor's deposition by telephone, the Parties can so stipulate.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of

this Order within which to file any written appeal to the District Judge as may be permissible under

28 U.S.C. § 636(b)(1).


Dated: September 4, 2014          s/ Mona K. Majzoub_____
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE




                        **PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record
on this date.

Dated: September 4, 2014          s/ Lisa C. Bartlett_____
                                  Case Manager